UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA SHORT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HYUNDAI MOTOR AMERICA INC., et al., <br><br> Defendants. | CASE NO. C19-0318JLR <br><br> ORDER GRANTING STAY |

## I. INTRODUCTION

Before the court is Defendants Kia Motors America ("KMA"), Kia Motors Company ("KMC"), Hyundai Motor America ("HMA"), and Hyundai Motor Company's ("HMC") (collectively, "Defendants") motion to stay this action pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on the motion to transfer and coordinate or consolidate ("the MDL Motion"). (Mot. (Dkt. # 29).) Plaintiffs Linda Short, Olivia Parker, Elizabeth Snider, and James Twigger, on behalf of themselves and

all others similarly situated (collectively, "Plaintiffs"), oppose the motion (Resp. (Dkt. # 32)), and Defendants filed a reply (Reply (Dkt. # 33)). The court has considered the motion, the parties' submissions concerning the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS the motion.

## II.   BACKGROUND

On March 4, 2019, Ms. Short and Ms. Parker filed an action against Defendants on behalf of a nationwide class. (Compl. (Dkt. # 1).) On March 13, 2019, Ms. Snider and Mr. Twigger filed a similar action against Defendants on behalf of a nationwide class. *See Snider v. Hyundai Motor Am. Inc.*, No. C19-5193JLR (W.D. Wash.), Dkt. # 1. The court consolidated these cases on April 26, 2019. (*See* 4/26/19 Order (Dkt. # 22).) Plaintiffs then filed a consolidated complaint, alleging that Defendants' vehicles are defective and asserting claims for fraudulent concealment, breach of implied warranty, unfair competition, false advertising, and violations of other consumer protection laws. (*See generally* Cons. Compl. (Dkt. # 23); *see also id.* ¶¶ 86-190.)

This case is one of 11 actions filed in four jurisdictions on behalf of owners and lessees of certain Hyundai and Kia vehicles with gasoline direct injection ("GDI") engines. (Mot. at 2.) Five actions have been consolidated in the Central District of California in *In re Hyundai and Kia Case*, No. 8:17-cv-00838 (C.D. Cal.). (*Id.*) On April 23, 2019, the plaintiffs in one of the other matters filed the MDL Motion. (*See*

---

[1] The parties do not request oral argument on the motion (*see* Mot.; Resp.), and the court concludes that oral argument is unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Notice (Dkt. # 24); Mot. at 3); *see also In re Hyundai & Kia GDI Engine Mktg., Sales Practices, and Prod. Liab. Litig.*, MDL No. 2898 (J.P.M.L.), Dkt. # 1. The actions in the proposed multidistrict litigation ("MDL") allege violations of state and federal laws on behalf of a nationwide class of owners and lessees of certain models of Hyundai and Kia vehicles manufactured with GDI engines. (Mot. at 3.)

Plaintiffs and Defendants in the present case oppose the MDL motion. (*Id.* at 4.) Defendants represent that, although no hearing has been set for the MDL motion, the motion "will likely be heard at the next JPML hearing session on July 25, 2019." (*Id.*)

Defendants filed the present motion to stay on June 6, 2019. (*See id.* at 1.) Defendants represent that four of the other 11 actions have been stayed pending the JPML's decision. (*Id.* at 4.) Defendants represent that, as of that date, the parties had not exchanged any discovery and no substantive motion practice had occurred. (*Id.* at 3.) However, after filing the motion to stay, on July 5, 2019, Defendants filed a motion to dismiss Plaintiffs' complaint. (*See* MTD (Dkt. # 37).)

The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of a matter to the JPML lies within the court's discretion. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936); *Good v. Prudential Ins. Co. of Am.,* 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case.") (citing cases). The court is not obligated to stay proceedings pending the decision of the JPML. *See* Rules of the Judicial Panel on MDL, Rule 2.1(d) ("The pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders or pretrial proceedings in

any pending federal district court action and does not limit the pretrial jurisdiction of that court."). When considering a motion to stay pretrial proceedings, a district court should consider three factors: (1) the potential prejudice to the nonmoving party if a stay is granted; (2) the hardship to the moving party if a stay is denied; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the JPML grants the transfer motion. *Rivers v. Walt Disney*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). A stay is appropriate when it serves the interests of judicial economy and efficiency. *Id.*

Plaintiffs oppose this motion, arguing first that a stay will not conserve judicial resources because the JPML is unlikely to grant the MDL Motion and that, due to the early stage of this case, the court will likely not need to expend resources before the JPML resolves the MDL Motion. (Resp. at 2-4.) Plaintiffs, however, misunderstand this factor. At this stage, the court does not weigh the likelihood that the JPML will grant the transfer motion; rather, the court considers whether judicial resources "would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *ACLU of Wash. v. U.S. Dep't of Homeland Sec.*, No. C17-0562RSL, 2017 WL 2437606, at *1 (W.D. Wash. June 6, 2017) (quoting *Rivers*, 980 F. Supp. at 1360). Further, Defendants have now filed a motion to dismiss, which will require the court's attention absent a stay. (*See* MTD.) This effort will be duplicative if the JPML grants the MDL Motion. This factor, which is the "most important factor" when considering a motion to stay pending an MDL motion, *see Stuart v. DaimlerChrysler Corp.*, No. 1:08-CV-0632 OWW GSA, 2008 WL 11388470, at *3 (E.D. Cal. Dec. 23, 2008), therefore weighs in favor of granting a stay.

//

Plaintiffs also oppose the motion on the basis that Defendants will not be prejudiced if the pretrial activity in the case proceeds as scheduled. (Resp. at 4.) In short, Plaintiffs argue that there is little risk of Defendants undertaking duplicative work because discovery in this case has not yet begun and the consolidated cases in California may settle. (*Id.* at 4-5.) The parties have imminent deadlines in this case: the Rule 26(f) conference deadline is July 16, 2019; the initial disclosures deadline is July 29, 2019; and the combined joint status report and discovery plan is due August 6, 2019. (*See* 4/26/19 Order at 2.) Even if, as Defendants anticipate, the JPML hears argument on the MDL Motion on July 25, 2019 (Mot. at 4), it is possible that the JPML will not rule on the MDL Motion until after the above-stated deadlines have passed. "JPML proceedings and the JPML transfer process are designed to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Sterling Int'l Consulting Grp. v. Lenovo (U.S.) Inc.*, No. 5:15-CV-00807-RMW, 2015 WL 12864198, at *1 (N.D. Cal. May 12, 2015). Courts in the Ninth Circuit have found that requiring parties to comply with their Rule 26(f) and initial disclosures obligations "before the JPML decision would be prejudicial given that the contours of the case may change following consolidation and transfer." *Id.* This factor therefore weighs in favor of granting a stay.

Lastly, Plaintiffs claim that they will be prejudiced by a stay because their claims are "time-sensitive." (Resp. at 5-7.) In particular, Plaintiffs claim that they allege design and manufacturing defects that can cause vehicles "to suddenly stall at speed or to burst into flames." (*Id.* at 6.) Defendants argue that, especially considering the voluntary

recalls that Plaintiffs' vehicles are subject to, a brief stay of two to three months will not be prejudicial. (Reply at 5-6.) The court concludes that Plaintiffs have articulated that a stay could potentially prejudice them, although the prejudice is minimal considering the short duration of the stay.

In sum, two of the three factors weigh in favor of granting a stay, including the "most important factor" of saving judicial resources and avoiding duplicative litigation. *Stuart*, 2008 WL 11388470, at *3; *see also Rivers*, 980 F. Supp. at 1360. Accordingly, the court GRANTS Defendants' motion (Dkt. # 29) and STAYS this matter, including Defendants' pending motion to dismiss (Dkt. # 37), until the JPML issues its decision on the MDL Motion. The court further ORDERS the parties to file a joint status report with the court within 10 days of the date of the JPML's decision on the MDL Motion. If the JPML denies the MDL Motion, the court will reset any case deadlines that have not passed as of the date of this order.

Dated this 12th day of July, 2019.

JAMES L. ROBART
United States District Judge